# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 19-1130 PA (SPx) | Date | July 16, 2019 |
|---|---|---|---|
| Title | Graham Plumbing & Drain Cleaning, Inc. v. Colony Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS - ORDER**

       Before the Court is a Motion to Remand filed by plaintiff Graham Plumbing & Drain Cleaning, Inc. ("Plaintiff") (Docket No. 9). Plaintiff filed the Motion on July 10, 2019, and set the hearing on the Motion for July 29, 2019. That hearing date, which is only 19 days after the Motion was filed, violates Local Rule 6-1, which requires a minimum of 28 days notice. Defendant Colony Insurance Company ("Defendant") filed a timely Opposition. Plaintiff did not file a timely Reply. See Local Rule 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 29, 2019, is vacated, and the matter taken off calendar.

       In its Motion to Remand, Plaintiff asserts that Defendant's Notice of Removal did not satisfy Defendant's burden to establish the amount in controversy required for the Court to exercise diversity jurisdiction over this action. The Notice of Removal alleges: "As set forth below, this is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." (Notice of Removal ¶ 4.) Although the Notice of Removal contains facts concerning the citizenship of the parties, it does not contain any facts or allegations concerning the amount in controversy. According to the Complaint, however, which is attached as an Exhibit to the Notice of Removal, Plaintiff seeks damages for its breach of contract claim in the amount of $61,793.54. Plaintiff's Complaint also contains a claim for breach of the covenant of good faith and fair dealing, through which Plaintiff seeks an unspecified amount of punitive damages and attorneys' fees.

       Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1130 PA (SPx) | Date | July 16, 2019 |
|---|---|---|---|
| Title | Graham Plumbing & Drain Cleaning, Inc. v. Colony Ins. Co. | | |

jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

"Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

Here, based on the allegations contained in the Complaint, the Court concludes that Defendant has satisfied its burden to establish that the amount in controversy exceeds $75,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1130 PA (SPx) | Date | July 16, 2019 |
|---|---|---|---|
| Title | Graham Plumbing & Drain Cleaning, Inc. v. Colony Ins. Co. | | |

by a preponderance of the evidence. As a result, the Court possesses diversity jurisdiction over this action. The Court therefore denies Plaintiff's Motion to Remand.

   IT IS SO ORDERED.